Norman R. CARLSON, Jr., Individually and as Executor of the Estates of Norman R. Carlson and Hilda D. Carlson, Deceased, and as Trustee of the Trusts Established Under the Last Wills and Testaments of Norman R. Carlson And Hilda D. Carlson; Margaret Ann Carlson, Beth Carlson Montigue, and David R. Carlson, Appellants–Plaintiffs,

v.

SWEENEY, DABAGIA, DONOGHUE, THORNE, JANES & PAGOS; and John H. Sweeney, Appellees–Defendants.

No. 46A05–0602–CV–94.

Court of Appeals of Indiana.

Aug. 8, 2007.

Scott A. Weathers, The Weathers Law Office, P.C., Indianapolis, IN, Attorney for Appellant.

Robert G. Devetski, Barnes & Thornburg LLP, South Bend, IN, Attorney for Appellee.

**OPINION ON REHEARING**

ROBB, Judge.

Norman R. Carlson, Jr., individually, and as executor of the estates of Norman R. Carlson and Hilda D. Carlson, and as Trustee of the Trust established under the last wills and testaments of Norman Sr. and Hilda, Margaret Ann Carlson, Beth Carlson Montigue, and David R. Carlson, (when referred to collectively, the "Carlsons"), filed a complaint against the law firm of Sweeney, Dabagia, Donoghue, Thorne, Janes and Pagos, and lawyer John H. Sweeney (the "Lawyers"), alleging legal malpractice that resulted in adverse tax consequences. The trial court granted the Lawyers' motion for summary judgment,

and Carlson appealed. We reversed the trial court's grant of summary judgment in *Carlson v. Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos*, 868 N.E.2d 4 (Ind. Ct.App.2007). The parties filed a joint petition for rehearing, which we grant to correct an erroneous statement made in our earlier opinion.

In our opinion, when addressing whether the Carlsons could demonstrate damages, we stated:

> The Carlsons filed their claim on June 2, 1999, roughly five years after their Texas attorneys informed them of the Wills' defective language. Although the Carlsons filed their claim after the statute of limitations had run, the Lawyers have waived this affirmative defense by failing to include it in the pleadings.

*Id.* at 21. Unbeknownst to this court, the parties had entered into pre-suit agreements tolling the statute of limitations. Therefore, the Carlsons did not file their claim in violation of the statute of limitations, and the Lawyers did not waive the defense by failing to plead it. In sum, neither party's attorneys erred regarding the statute of limitations. As the parties concede in their petition, the fact that pre-suit agreements existed has no effect on the outcome or rationale of our previous decision, and we grant the petition for rehearing for the sole reason of removing any suggestion that the parties' attorneys acted negligently with regard to the statute of limitations.

BAKER, C.J., and DARDEN, J., concur.